# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Westfield Insurance Company,<br><br>　　Plaintiff,<br><br>v.<br><br>MTR HOTELS, LLC; PARAGON HOTEL COMPANY, INC., and A. T. P.,<br><br>　　Defendants. | Civil Case No.: _____<br><br>**COMPLAINT**<br><br>*(Jury Trial Demanded)* |

The Plaintiff, Westfield Insurance Company ("Westfield") seeking a declaration of rights pursuant to 28 U.S.C. § 2201(a) as set forth herein, alleges:

## PARTIES

1.  Westfield Insurance Company ("Westfield") is a foreign corporation domiciled in Ohio which is licensed to do business in the State of South Carolina.

2.  The Defendants MTR Hotels, LLC ("MTR") and Paragon Hotel Company, Inc. ("Paragon") are South Carolina limited liability companies with their principal place of business in Greenville County, South Carolina.

3.  Given the nature of the underlying case, upon which this case for declaratory relief is filed, Defendant A.T.P. is identified in this Complaint only by generic initials to prevent public disclosure of A.T.P.'s name. Upon information and belief, Defendant A.T.P.'s Counsel has either previously disclosed A.T.P.'s full name to all counsel or will immediately upon identification of additional counsel. Upon information and belief, all parties consent to proceeding by using A.T.P.'s initials via a Motion for Protective Order filed in the underlying case. A.T.P. is a citizen and resident of South Carolina.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of this State and citizens or subjects of a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because at least one defendant resides in this judicial district and all defendants reside in the State of South Carolina and pursuant to § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

6. This matter involves a request for a declaration of rights to determine whether coverage exists pursuant to a Business Owners Policy (the "Policy") entered into between Westfield and MTR/Paragon with policy number BOP 4981374 and policy dates of April 1, 2010 to April 1, 2011.  (See Exhibit "A" attached hereto and incorporated by reference.)

7. An action was filed in The United States District Court for the District of South Carolina Greenville Division, captioned A.T.P. v. MTR Hotels, LLC, Case No. 6:21-cv-00647-TMC (the "underlying action").  (See Exhibit "B" attached hereto and incorporated by reference.)

8. The Plaintiff in the underlying action, A.T.P., has filed a one count action against MTR pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1595(a) alleging that MTR knowingly benefitted from participation in a venture that MTR knew or should have known engaged in acts in violation of the TVPRA.

9. The Plaintiff in the underlying action has alleged that Defendant MTR knowingly participated and benefitted from the criminal sex trafficking of the plaintiff at its hotel.

10. Defendant MTR owns the Days Inn hotel in question and Defendant Paragon manages the day-to-day operations of the property pursuant to a management agreement.

11. A.T.P.'s sole claim in the underlying action is brought under 18 U.S.C. §1595(a). This Code Section provides as follows: "[A]n individual who is a victim of a violation of this Chapter may bring a civil action against the perpetrator (or whoever **knowingly** benefits, financially or by receiving anything of value from **participation in** a venture which that person knew or should have known has engaged in an act in violation of this chapter . . ." (*Emphasis added.*)  The chapter referenced is Chapter 77 of the Crimes and Procedures Title of the US Code entitled, "Peonage, slavery and trafficking".

12. The Underlying Complaint alleges that:

   a. Plaintiff was trafficked for sex at the Day's Inn located at 60 Roper Mountain Road, Greenville, South Carolina 29607 for approximately two weeks, specifically including the date of March 21, 2011.  (Complaint, ¶9.)

   b. Plaintiff's sex trafficker was Quintavious Obic.  (Ex. B, ¶10.)

   c. Mr. Obic rented at least two to three rooms at the Days Inn.  (Ex. B, ¶11.)

   d. Plaintiff was entrapped by Mr. Oblic.  (Ex. B, ¶14.)

   e. MTR failed to prevent and/or take steps to prevent the criminal conduct of sex trafficking at the hotel so that it could continue earning a profit at the expense of human life, rights and dignity.  (Ex. B, ¶29.)

   f. The sex trafficker was permitted by MTR to sell multiple young women for sex at the hotel for weeks at a time.  (Ex. B, ¶32.)

   g. MTR aided, concealed, confined, benefitted and profited from sex trafficking and other criminal activity.  (Ex. B, ¶38.)

h. MTR harbored human traffickers and sex trafficking victims at the hotel. (Ex. B, ¶39.)

i. MTR allowed the Days Inn to be a venue for sex trafficking. (Ex. B, ¶41.)

j. Plaintiff was exposed to dangerous conditions as a sex slave at the hotel that resulted in her confinement, bodily injury, emotional distress and mental harm, while MTR profited from the rental fees. (Ex. B, ¶42.)

k. MTR was on notice of the prevalence of sex trafficking at the Days Inn and failed to take adequate stipes to prevent its occurrence. (Ex. B, ¶43.)

l. MTR permitted, harbored, facilitated and participated with A.T.P.'s sex trafficker in the ongoing sex trafficking venture at the Days Inn whereby A.T.P. was routinely and continually sold for sex at the hotel and where she was seriously and permanently injured thereby. (Ex. B, ¶47.)

m. MTR knowingly benefited from the sex trafficking of A.T.P. by receiving a percentage of the revenue generated. (Ex. B, ¶51.)

n. MTR participated in a sex trafficking venture by providing A.T.P.'s sex trafficker, for a fee, the necessary venue for A.T.P.'s sex trafficking. It alleges that MTR had knowledge of this conduct occurring at the hotel with four other victims prior to A.T.P.'s arrival and profited by providing a safe haven for traffickers by maintaining a loyalty of the segment of their customer base that seeks to participate in the illegal sex trade. (Ex. B, ¶52.)

o. A.T.P. suffered substantial physical, emotional and psychological harm and other damages as a direct and proximate result of MTR's participation in this sex trafficking venture. (Ex. B, ¶57.)

4

13.     "Sex Trafficking" is defined under the U.S. Code as "recruiting, enticing, harboring, transporting, obtaining, maintaining, patronizing or soliciting a person for a commercial sex act".  (See Exhibit B, ¶25, *quoting 18 U.S.C. 1591(a), et seq.*)

14.     The Plaintiffs in the underlying action are seeking substantial actual and punitive damages.

15.     Westfield has agreed to provide a defense to the lawsuit on behalf of MTR pursuant to a full reservation of rights.

## THE POLICY TERMS

16.     The Policy issued by Westfield contains the following provisions, which are, among other provisions of the Policy, relevant to this action:

Section II-Liability of the Business Owners Coverage Form states as follows:

**SECTION II – LIABILITY**

**A. Coverages**

    **1. Business Liability**

        a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages or "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply.

        b. This insurance applies:

5

   (1) To "bodily injury" and "property damage" only if:

     (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

   (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period

In order for a claim to fall within the coverage provided under Section II of the policy, "liability", there must be an "Occurrence". "Occurrence" is defined in the policy under subparagraph F as follows:

 **F. Liability and Medical Expenses Definitions**

  13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The policy defines "Personal and advertising injury" as follows under Subparagraph F:

  14. "Personal and advertising injury" means injury, Including consequential "bodily injury", arising Out of one of more of the following offenses:

   a. False arrest, detention or imprisonment;

The policy includes the following exclusions:

 **B. Exclusions**

  **1. Applicable To Business Liability Coverage**

  This insurance does not apply to:

  **a. Expected Or Intended Injury**

  "Bodily injury" or "property damage" expected or intended from the

6

standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**p. Personal and Advertising Injury**

"Personal and advertising injury":

(1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal or advertising injury"

This exclusion does not apply to "personal and advertising injury" arising out of "false arrest, detention or imprisonment".

**r. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

## DECLARATORY JUDGMENT
## THAT THE POLICY DOES NOT PROVIDE COVERAGE

17. There is a justiciable controversy existing between the parties and that the parties named as Defendants have or may claim an interest in the subject matter of this litigation, in that the resolution of coverage matters may affect the rights and liabilities of the Defendants in regard to their own exposure to damages which are the subject of the underlying action.

18. Westfield seeks a declaration from the Court that it is under no duty or obligation as set forth in the Policy to defend or to indemnify MTR/Paragon for any matters related to the underlying action or any judgment arising therefrom on the following grounds:

(1) The Underlying Complaint does not allege an "Occurrence" as defined by the policy.

(2) The policy excludes coverage for "expected or intended injury".

(3) The policy excludes coverage for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

(4) The policy excludes coverage for "personal and advertising injury" arising out of "criminal acts".

WHEREFORE, Westfield prays that the Court inquire into this matter and declare the rights of the parties under the Policy at issue and further find that there is no duty to defend the underlying action or to indemnify MTR/Paragon for any matters relating to the underlying action and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Payton D. Hoover
Payton D. Hoover, Esq.
Federal Ct. I.D. #10397
phoover@richardsonplowden.com
James H. Elliott, Jr., Esq.
Federal Ct. I.D. # 07043
Jelliott@richardsonplowden.com
Richardson, Plowden, & Robinson, P.A.
235 Magrath Darby Blvd., Ste. 100
Mt. Pleasant, SC 29464
Tele: (843) 714-2617
Fax: (843) 805-6599
**Attorneys for the Plaintiff Westfield Insurance Company**

Mt. Pleasant, South Carolina
Dated: April 28, 2021